IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| J&J Sports productions, Inc., | ) | C/A No.: 3:17-2413-MBS-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| 800 Grand Family, LLC, *doing business* | ) | ORDER |
| *as* Skores, *also known as* Primetime | ) | |
| Sports Bar and Grill; and Sandra F. | ) | |
| Simpkins, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff filed the complaint in this case alleging conversion and violations of the

Communications Act of 1934 (as amended, 47 U.S.C. § 605) and the Cable & Television

Consumer Protection and Competition Act of 1992 (as amended, 47 U.S.C. § 553) on

September 8, 2017. [ECF No. 1]. The Clerk of Court issued the summons on that date.

[ECF Nos. 4, 5]. Affidavits of service were filed on the docket on September 15, 2017.

[ECF No. 6]. On October 3, 2017, defendant Sandra F. Simpkins ("Simpkins") filed a

motion to dismiss. [ECF No. 7]. Simpkins indicates that 800 Grand Family, LLC

("Grand Family"), is dissolved, but states "Defendants can not afford an Attorney and

request the court allow them to represent themselves." *Id.*

It is well-established that a corporate entity cannot appear pro se and must be

represented by counsel in court. The United States Supreme Court recognized that:

> [i]t has been the law for the better part of two centuries . . . that a
> corporation may appear in the federal courts only through licensed counsel.
> As the courts have recognized, the rationale for that rule applies equally to

all artificial entities. Thus, save a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney.

*Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) (internal citations and footnote omitted); *see also Honour Technical Group, Inc. v. United States*, 326 F. App'x 141, 142 (4th Cir. 2009) (this rule also applies to limited liability corporations); *RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 354 n.3 (4th Cir. 2007). While 28 U.S.C. § 1654 allows individuals to "plead and conduct their own cases personally," the statute does not extend that right to represent other parties.

Accordingly, Grand Family is directed to retain counsel and to file an answer or other responsive pleading to the complaint by November 1, 2017. If Grand Family fails to retain licensed counsel to file an entry of appearance and submit a responsive pleading by November 1, 2017, it may be subject to an entry of default judgment against it.

Simpkins is directed to complete, sign, and return, by November 1, 2017, the attached Pro Se Party's Answers to Rule 26.01 Interrogatories. Simpkins is further ordered to always keep the Clerk of Court advised in writing (United States District Court, 901 Richland Street, Columbia, South Carolina 29201) of any address change, to assure that orders or other matters that specify deadlines are received. Failure to comply with this order may result in an entry of judgment against her.

IT IS SO ORDERED.

October 4, 2017                         Shiva V. Hodges
Columbia, South Carolina                United States Magistrate Judge