IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| J&J Sports Productions, Inc., | ) | C/A No.: 3:17-2413-MBS-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| 800 Grand Family, LLC, *doing business as* Skores, *also known as* Primetime Sports Bar and Grill; and Sandra F. Simpkins, | ) ) ) ) ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff filed the complaint in this case alleging conversion and violations of the Communications Act of 1934 (as amended, 47 U.S.C. § 605) and the Cable & Television Consumer Protection and Competition Act of 1992 (as amended, 47 U.S.C. § 553) on September 8, 2017. [ECF No. 1]. All pretrial proceedings were assigned to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.). This matter is before the court on the pro se motion to dismiss [ECF No. 7] by Sandra Simpkins ("Simpkins").[1] The motion having been fully briefed [ECF Nos. 11], it is ripe for disposition.

When ruling on a motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94

---

[1] Simpkins' motion also purports to be filed on behalf of the corporate defendant, but defendants have been advised that Simpkins may not represent a corporate defendant pro se [ECF No. 9].

(2007). In considering a motion to dismiss, the factual allegations in a complaint are accepted as true, and the plaintiff is afforded the benefit of all reasonable inferences to be drawn from the allegations contained within the complaint. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

In her motion, Simpkins alleges that Edward Simpkins ("Edward") had control of the daily operations of the defendant corporation and argues that Plaintiff has not stated a claim for which relief may be granted. As noted above, the court accepts all factual allegations of the complaint as true when considering a motion to dismiss. Additionally, Simpkins provides no legal support for her arguments and fails to show why Plaintiff's complaint is allegedly insufficient. Although she alleges paragraph seven of the complaint incorrectly states her county of residence, she provides no legal argument or authority showing that dismissal is required. Because Simpkins fails to show that dismissal is required pursuant to Fed. R. Civ. P. 12(b), the undersigned recommends the district judge deny her motion to dismiss.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

November 3, 2017  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).